In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor.

In re **PROPOSED LEASE TO FLOWER-AMA, INC.**

No. 70–347.

United States District Court, E. D. Pennsylvania.

Jan. 23, 1974.

As Amended March 1, 1974.

Terrence M. Quirin, Philadelphia, Pa., for the Trustees, PCTC.

Nathan Lavine, Philadelphia, Pa., for Charles Futterman.

Edward M. Cohen, New York City, for Louis Epstein.

Mark S. Dichter, Philadelphia, Pa., for Flowerama, Inc.

MEMORANDUM AND ORDER NO. 1448

FULLAM, District Judge.

The Trustees of the Debtor have filed a petition (Document No. 6377) seeking approval of a proposed lease to Flowerama, Inc. of certain flower stand concessions in Pennsylvania Station, New York. The proposed transaction is objected to by the present tenants, Messrs. Futterman and Epstein.

The present concessions involve one main store and two satellite locations

within the station premises. These are occupied by Messrs. Futterman and Epstein, respectively, and have been for many years, under leases terminable by either party on 90 days' written notice.

In June of 1972, the Trustees sought bids covering the existing locations plus a third satellite location. Flowerama, Inc. submitted a bid offering a minimum rental of $44,000 per year, or 26 percent of the net receipts, whichever is greater, plus an additional 5 per cent of all net receipts in excess of $78,000 per quarter; and proposed a ten-year term, with the minimum rental to increase by $1,000 each year. The next highest bid was submitted by Mr. Futterman, offering a minimum rental of $31,000 per year or 10 percent of receipts, whichever is greater, and a 10-year term. Mr. Epstein submitted a bid calling for a minimum rental of $30,000 per year or 15% of receipts, whichever is greater, for a five-year term. Two other lower bids were received.

On December 20, 1972, all bidders were notified that all bids had been rejected by the Trustees. However, after studying the matter further, and after unsuccessfully exploring the possibility of finding a more profitable use for the space, the Trustees ascertained that Flowerama, Inc. was still willing to perform in accordance with its bid, and they thereupon decided to accept the bid. The present petition followed.

At the hearing (pp. 9967 to 10009 of the transcript) the present tenants advanced the following contentions in opposition to the proposed lease to Flowerama, Inc.: (1) It would be inequitable to oust the present tenants, in view of their age and long period of amicable dealings with the railroad; (2) the present tenants are willing to accept a lease on the same terms proposed by Flowerama, Inc.; (3) by accepting (apparently inadvertently) payment of rent after purported termination of the leases, the Trustees are barred from asserting that the present leases have been terminated; and (4) the principals of Flowerama, Inc. (a relatively new venture) have a history of past business failures, and the proposed tenant would be unlikely to carry out its commitments under the proposed lease.

It is not the function of this Court to make the kind of business judgments involved in choosing among potential lessees of parts of the Debtor's property. That is the job of the Trustees. It is only where a proposed transaction appears legally impermissible, or likely to have consequences adverse to the best interests of the Debtor's estate or its reorganization, that this Court may appropriately interfere. On this record, it is clear that no valid objection to the proposed transaction has been shown.

Humanitarian issues are not within the province of the Court. But it may be appropriate to note that these "equities" are by no means one-sided. The disparity between the original bids of Messrs. Futterman and Epstein and their expressed willingness to equal the terms of the Flowerama offer suggests either that their original bids were intentionally low, or that they would experience difficulty in surviving under the proposed terms.

The Trustees have satisfied themselves as to the reliability of the proposed tenant, and there is no substantial evidence that their assessment is incorrect. In short, there is no basis for supposing that the proposed transaction would be other than in the best interests of the Debtor's estate.

The issue as to whether the present leases have been properly terminated is essentially irrelevant to a decision as to whether the proposed new lease should be approved. It is reasonable to assume that the defect in termination, if any, has been or will be cured.

An order will be entered, granting the Trustees' petition.